Patterson v NXK Corp. (2021 NY Slip Op 00123)





Patterson v NXK Corp.


2021 NY Slip Op 00123


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 151641/14 Appeal No. 12853 Case No. 2020-00282 

[*1]Robin Patterson, Plaintiff-Appellant,
v
NXK Corp. Doing Business as Ambu-Trans Ambulette Corp., Defendant-Respondent.


Sullivan Papain Block McGrath Coffinas & Cannavo PC, New York (Christopher J. DelliCarpini of counsel), for appellant.
Donohue Law Firm, P.C., New York (Adam S. Picinich of counsel), for respondent.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered August 14, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Summary judgment should have been denied in this action for personal injuries sustained when plaintiff fell from her wheelchair while riding inside of an ambulette allegedly owned and operated by defendant (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Although defendant tendered documentary and testimonial evidence to show that plaintiff was not riding in defendant's ambulette in that plaintiff's scheduled ambulette ride was "cancelled" around the time of plaintiff's accident, plaintiff raised a triable issue of fact by testifying that she recognized defendant's ambulette as the one she entered, that defendant's employee did not properly secure her in defendant's ambulette, and that she fell when the driver came to a sudden stop. Plaintiff also offered the testimony of another witness who was also riding in the ambulance and identified defendant as the ambulette company transporting plaintiff when she fell. It is for the jury to resolve issues of credibility as between the conflicting evidence of the parties concerning the identity of the ambulette company (see Santiago v Pioneer Transp. Corp., 157 AD3d 451, 452 [1st Dept 2018]; Jarrett v Claro, 161 AD3d 639, 639 [1st Dept 2018]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021